**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION PLAN; ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION TRUST; NATIONAL ROOFING INDUSTRY SUPPLEMENTAL PENSION PLAN; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, | CASE NO.: 21-cv-6308 <br><br> JUDGE: <br><br> MAG. JUDGE: |
| Plaintiffs, | |
| vs. | |
| G & C CONSTRUCTION AND SEALANTS, INC., an Illinois Corporation, | |
| Defendant. | |

**COMPLAINT**

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND, the ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND, the NATIONAL ROOFING INDUSTRY PENSION PLAN; the ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION TRUST; the NATIONAL ROOFING INDUSTRY SUPPLEMENTAL PENSION PLAN; and the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, by and through their attorneys

JOHNSON & KROL, LLC, and complain of the Defendant G & C CONSTRUCTION AND SEALANTS, INC. ("G & C") as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132, and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the ROOFERS' PENSION FUND ("PENSION FUND"), and the ROOFERS' UNIONS WELFARE TRUST FUND ("WELFARE FUND") are administered at 2021 Swift Drive, Suite B, Oak Brook, Illinois, and the CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND ("TRAINING FUND") is administered at 7045 Joliet Road, Indian Head Park, Illinois, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The WELFARE FUND, PENSION FUND, and TRAINING FUND receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS LOCAL NO. 11 ("LOCAL 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA") and therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("PROMOTIONAL FUND") is a labor management cooperation committee that is administered in Westchester, Illinois.

5. The ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("INDUSTRY FUND") is an industry improvement fund administered in Hillside, Illinois.

6. The NATIONAL ROOFING INDUSTRY PENSION FUND ("NRIPP") is a multiemployer defined benefit pension plan with its principal place of business located in Bloomington, Minnesota.

7. The NATIONAL ROOFING INDUSTRY SUPPLEMENTAL PENSION PLAN ("NRISPP") is a multiemployer defined contribution pension plan with its principal place of business located in Bloomington, Minnesota.

8. The ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION TRUST ("RWRET") is a national training fund with its principal place of business located in Bloomington, Minnesota.

9. G & C is an Illinois corporation with its principal place of business in Alsip, Illinois.

## COUNT I
## BREACH OF CONTRACT

10. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. G & C executed a Memorandum of Understanding on May 15, 2017, whereby it agreed to be bound by the terms of the SWA in effect at that time. (A copy of the Memorandum of Understanding is attached as **Exhibit 1**).

12. Under the Memorandum of Understanding, G & C became bound to the successor SWA in effect from June 1, 2018, through May 31, 2021, as well as the current SWA in effect

for the period of June 1, 2021 through May 31, 2025. (A copy of the SWA in effect from June 1, 2021, through May 31, 2026 is attached as **Exhibit 2**).

13. Pursuant to the terms and conditions set forth in the SWA, G & C also became bound by the provisions of the Agreements and Declarations of Trust which created the PENSION FUND, WELFARE FUND, TRAINING FUND, INDUSTRY FUND, PROMOTIONAL FUND, NRIPP, NRISPP and the RWRET (collectively referred to as the "TRUST FUNDS").

14. Pursuant to the Agreements and Declarations of Trust that created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements"), the Trustees adopted the Employer Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers.

15. The provisions of the SWA, Trust Agreements, and Collection Procedures require G & C to make monthly reports of hours worked by bargaining unit employees and pay contributions to the TRUST FUNDS for each hour worked or paid pursuant to the SWA at the negotiated rate. The monthly remittance reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

16. Pursuant to the terms of the SWA, employers are required to deduct a dues assessment for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to LOCAL 11 on a monthly basis. The dues during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

17. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to timely submit their monthly remittance reports and contributions to the TRUST FUNDS and dues to LOCAL 11, on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus four (4) percentage points per annum for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

18. In order to verify compliance with the SWA, Trust Agreements, and Collection Procedures, the TRUST FUNDS and LOCAL 11 may perform a payroll compliance audit of an employer at any time.

19. Further, Article X, Section 11 of the SWA provides in pertinent part that:

> The Employer shall furnish to the Trustees of any trust fund to which contributions are obligated by this Working Agreement, upon written request of each such trust fund, such information and reports as the Trustees or their Auditor may require in the performance of their duties, including, but not limited to: each employee's payroll records (regardless of craft or occupation) . . . check registers that include cash disbursement journals, cancelled checks and check stubs . . . any other financial records deemed necessary by the Auditor to enable the Auditor to render the necessary opinions.

(**Exhibit 2**).

20. Pursuant to the provisions of the SWA, Trust Agreements, and Collection Procedures, Plaintiffs ordered that an audit be conducted of G & C's records for the period of January 1, 2019, through June 30, 2021.

21. On several occasions, Plaintiffs' auditor has contacted G & C requesting copies of records and documents required to complete a payroll compliance audit.

22. G & C has refused to cooperate with the requests for these records to complete the audit.

23. A payroll audit of G & C is necessary to determine the exact amount of damages owed by G & C.

24. G & C owes the Plaintiffs all contributions, union dues, liquidated damages, interest, and audit fees revealed to be due and owing by the payroll compliance audit, in addition to any other contributions, union dues, liquidated damages, interest, fees or costs which may become due and owing.

25. Plaintiffs have complied with all conditions precedent in bringing this suit.

26. Defendant G & C is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That this Honorable Court enter an order requiring Defendant G & C to comply with a payroll compliance audit for the period of January 1, 2019, through June 30, 2021, and produce any and all records necessary to complete the audit;

B. That Judgment be entered in favor of Plaintiffs and against Defendant G & C for all contributions, union dues, liquidated damages, and interest revealed by the payroll compliance audit, along with the costs of the audit;

C. That Judgment be entered in favor of Plaintiffs and against Defendant G & C for all other contributions, union dues, liquidated damages, interest, fees or costs which may become due and owing;

D. That Defendant G & C be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures, and 29

   U.S.C. §1132(g)(2)(D); and

E.  That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant G & C's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

              Respectfully Submitted,

              **ROOFERS' PENSION FUND** *et al.*

              /s/ Michael S. Vojta - 6278647
              One of Plaintiffs' Attorneys

**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5472
vojta@johnsonkrol.com